UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE, JR. (#90331)          CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.          NO. 17-0164-JJB-EWD

## RULING

This matter is before the Court on the Order to Plaintiff to pay the full amount of the Court's filing fee. R. Doc. 9.

On June 21, 2017, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court denied Plaintiff's motion to proceed *in forma pauperis* herein and ordered him to pay, within 14 days, the full amount of the Court's filing fee. R. Doc. 9. Plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of Plaintiff's action without further notice from the Court." *Id.*

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the inmate has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated brought actions or appeals that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) and 28 U.S.C. § 1915(g), this Court denied Plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee. Although Plaintiff has since filed a Motion for Writ of Mandamus (which was denied, see R. Docs. 4 and 9) and a currently-pending application for a writ of habeas corpus *ad testificandum* (R. Doc. 10), seeking to overturn the Court's determination in this regard, a review of the record reflects that the latter motion is without merit, and Plaintiff has continued in his failure to pay the filing fee as ordered. Accordingly, Plaintiff's pending application for a writ of habeas corpus *ad testificandum* (R. Doc. 10) shall be denied, and this action shall be dismissed for failure to pay the Court's filing fee. Therefore,

**IT IS ORDERED** that Plaintiff's application for a writ of habeas corpus *ad testificandum* (R. Doc. 10) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned proceeding be **DISMISSED**, without prejudice, for failure of Plaintiff to pay the Court's filing fee. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 26th day of July, 2017.

JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Cases or appeals filed by Plaintiff while incarcerated that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Preston George Demouchet, Jr. v. Ronald Bonvillian, et al.*, Civil Action No. 96-7332-FJP-SCR (M.D. La.), *Preston George Demouchet, Jr. v. Bernard E. Boudreaux, et al.*, Civil Action No. 98-1063-RFD-MEM (W.D. La.), and *Preston George Demouchette, Jr. v. Richard L. Stalder, et al.*, Civil Action No. 99-0419-TLM-PAT (W.D. La.).